UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TAYLOR M. PAPPAS, an individual, | Case No. 3:18-cv-00098-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF PUBLIC SAFETY, DIVISION OF PAROLE AND PROBATION, | |
| Defendant. | |

## I. SUMMARY

Plaintiff Taylor Pappas filed this action on March 5, 2018. (ECF No. 1.) She appears to allege disability discrimination against her employer for failure to accommodate, promote, and "chilling behavior," and retaliation under § 504 of the Rehabilitation Act, as amended, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S. C. § 12101.[1] (*Id.*) Defendant Nevada Department of Public Safety, Division of Parole and Probation moves to dismiss Plaintiff's complaint ("Complaint") for failure to properly name Defendant, and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), raising timeliness and pleading issues.[2] (ECF Nos. 4, 9.) Finding only some of Plaintiff's

///

---

[1]In her jurisdictional statement, Plaintiff purports to bring her claims under the ADA, the Rehabilitation Act, "NRS [§] 613.330, and 42 U.S.C. § 1983." (ECF No. 1 at 1.) However, none of her claims are particularly alleged under § 1983 or NRS § 613.330. The ADA expressly pertains to only her third and fourth claims.

[2]Initially, Defendant sought dismissal based on insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) (ECF No. 4). However, Defendant no longer

claims viable, the Court will grant Defendant's motion to dismiss ("Motion") (ECF No. 4) in part and deny it part.[3]

**II.    DISCUSSION**

   **A.    Preliminary Matters: Failure to Properly Name Defendant and Service**

Contrary to Defendant's request, the Court declines to dismiss the Complaint for failure to properly name the State of Nevada *ex rel* the Nevada Department of Public Safety ("DPS") as a defendant. (ECF No. 4 at n.1, 8 (quoting NRS § 41.031(2) ("In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit.")).)

The ethos of the Ninth Circuits decision in *Barsten v. Dep't of Interior* speaks directly to the situation before the Court. 896 F.2d 422, 423 (9th Cir. 1990).

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Id.* (citation omitted). Here, Plaintiff expressly sues DPS, and its Division of Parole and Probation "a department of the State of Nevada" (ECF No. 1 at 10). It is therefore evident that Plaintiff is essentially bringing an action against the state. Consequently, the Court declines to grant dismissal on this basis.

Nonetheless, the Court is left to rely only on Defendant's concession that the "proper" defendant has been named and served, and therefore the Court may appropriately exercise jurisdiction. *See Lofton v. Heckler*, 781 F.2d 1390, 1392 (9th Cir. 1986) (viewing as jurisdictional a failure to name *and* serve the proper defendant within the thirty-day time period for filing a complaint).

---

seeks dismissal on that ground, positing that the issue appears to be moot. (ECF No. 9 at 3–4.)

[3]In addition to Defendant's Motion (ECF No. 4), the Court has considered Plaintiff's response (ECF No. 7) and Defendants' reply (ECF No. 9).

The Rehabilitation Act, under which Plaintiff asserts all her claims, and which the ADA expressly modeled, *see infra*, adopts the rights, remedies, and procedures of § 2000e-16 of the Civil Rights Act of 1964, making them applicable to disability discrimination claims. *Barsten*, 896 F.2d at 422–23. Section 2000e-16(c) requires that the head of the appropriate department, agency, or unit be named as a defendant. The Ninth Circuit has held that a complaint against a department is insufficient where the department's head is the proper defendant. *United States Postal Serv.*, 740 F.2d 714, 715 (9th Cir. 1984) (complaint against United States Postal Service insufficient when proper defendant is Postmaster General). But, in *Barsten*, the appeals court also found a defendant to be sufficiently named where the body of the complaint and documents attached to the complaint or moving papers make it plain who is intended as the defendant. 896 F.2d at 423–24.

However, here not only is the head of DPS not named in the Complaint, there is nothing in the Complaint, attached to the Complaint, or attached to the moving papers "mak[ing] it plain" that the head of DPS is intended as a defendant. *Cf. id.* at 423 (finding it sufficient that the allegations in the complaint adequately set forth the Secretary of the Interior has the intended defendant, and that a letter appended to the government's moving papers from the Office of the Secretary also made the matter clear); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085–86 (9th Cir. 1983) (expressing satisfaction that the proper defendant is named where the body of the complaint made it clear what party was intended as defendant and the "administrative disposition of the discrimination complaint is attached to a complainant's timely filing").

Additionally, in responding to the Motion, Plaintiff contends she initially served an administrative assistant at the "Division of Parole and Probation" who represented that she could properly accept service. (ECF No. 7 at 2.) Plaintiff also notes that she had "caused the summons and complaint to be served again" after the Motion was filed (ECF No. 8) "and will file proof of service as soon as such is accomplished." (ECF No. 7 at 3.) To date, the Court has yet to receive the promised proof of service.

The only assurance this Court has of its jurisdiction is concession by Defendant that improper service is no longer an issue, and its indication that Plaintiff properly effectuated service on DPS's head—"Director Wright"—after Plaintiff filed her response to the Motion. (ECF No. 9 at 3–4 & n.3; *see also* ECF No. 8.) Specifically, Defendant provides: "Plaintiff caused the Complaint to be re-served; this time at DPS headquarters and on the person who is authorized to accept service on behalf of the Director of DPS." (ECF No. 9 at 4.) Further, Defendant raises no issue about the timeliness of the service. Based on Defendant's information, the Court proceeds by assuming it properly has jurisdiction. The Court will also allow Plaintiff to amend the Complaint's caption to properly name the defendant(s).

### B. Dismissal under Rule 12(b)(6)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), though the Court must accept a plaintiff's well-pleaded factual allegations as true, the complaint must contain sufficient factual matter to state a viable claim which is plausible on its face, and showing the plaintiff is entitled to relief. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

#### 1. Statute of Limitations

As a preliminary issue, Defendant contends Plaintiff's claims are time-barred as asserted under the Rehabilitation Act. (ECF Nos. 4, 7.) Plaintiff filed the Complaint largely asserting conduct by Defendant that falls beyond the applicable two-year statute of limitations period, and equitable tolling does not apply. However, because the allegations in the Complaint do not entirely allow the Court to make temporal distinctions in the

1  conduct purportedly giving rise to Plaintiff's claims, the Court cannot grant full relief based
2  solely on the statute of limitations.

The Rehabilitation Act does not contain its own statute of limitations. "Generally, where Congress does not create a federal statute of limitations, [a court] look[s] to state law for limitations provisions." *Two Rivers*, 174 F.3d at 992 (citation omitted); *see Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014) (stating the limitations period for a claim under the Rehabilitation Act is adopted from state law). Nevada's two-year statute of limitations for personal injuries is applicable here. *See* NRS § 11.190(4)(e); *see also Ervine*, 753 F.3d at 869 (citing *id.*) Federal courts also apply the forum state's tolling law, including equitable tolling, where not inconsistent with federal law. *Wisenbaker v. Farwell*, 341 F. Supp.2d 1160, 1163 (D. Nev. 2004) (citations omitted); *see also TwoRivers*, 174 F.3d at 992 ("[W]here the federal courts borrow the state statute of limitations, we also borrow the forums state's tolling rules."). Nonetheless, federal law determines when the claim begins to accrue. *Ervine*, 753 F.3d at 869. "A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012).

Here, Plaintiff specially brought her first two claims under § 504 of the Rehabilitation Act. (ECF No. 1 at 8, 9.) She alleges claims three and four under either the Rehabilitation Act or the ADA. (*Id.* at 10, 11.) Defendant argues these claims are time-barred to the extent they are asserted under the Rehabilitation Act because they fall outside of the two-year limitations period under NRS § 11.190(4)(e). (ECF Nos. 4, 9.)

Plaintiff does not dispute that the claims are subject to a two-year limitations period or that NRS § 11.190(4)(e) provides the applicable limitations statute. (*See generally* ECF Nos. 1, 7.) But, Plaintiff argues that her claims are not time-barred because the limitations period was (1) tolled and (2) the violations are continuing.

///
///
///

### a.  Statutory and Equitable Tolling

As to tolling, Plaintiff argues that the limitations period was statutorily tolled under NRS § 613.430 and/or equitably tolled while she pursued administrative relief since 2015. (ECF No. 7 at 4–5; ECF No. 4-1[4].)

Plaintiff's statutory tolling argument is unavailing. It is evident that any tolling NRS § 613.430 provides expressly applies to cases asserted under NRS § 613.420. *See* NRS § 613.430. Here, Plaintiff makes her claims under the Rehabilitation Act, a federal statute to which NRS § 11.190(4)(e)'s limitations period applies. And, the Court cannot find that NRS § 11.190(4)(e) statutorily provides for tolling, beyond a party being absent from the state at the time an action accrues under NRS § 11.300, which is not relevant here.

Further, "[t]he Nevada Supreme Court has not published a case in which it was faced with the prospect of applying the doctrine of equitable tolling to [NRS] § 11.190(4)(e)." *Wisenbaker*, 341 F. Supp.2d at 1164. But, without limiting the application of the doctrine of equitable tolling, the state supreme court provides several factors to consider in determining when equitable tolling is appropriately applied:

> The diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

*Seino v. Employers Ins. Co. of Nevada*, 111 P.3d 1107, 1114 (Nev. 2005).

In her response to the Motion, Plaintiff argues for equitable tolling contending only that she diligently pursued her administrative claims, there is no prejudice to Defendant from delay, and justice favors tolling. (ECF No. 7 at 5.) First, Plaintiff cannot be deemed

///

---

[4]The Court's consideration of ECF No. 4-1, which is Plaintiff's EEOC filing, does not convert Defendant's motion to a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (identifying two exceptions to "the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion[,]" including documents, like ECF No. 4-1, with unquestioned authenticity and the plaintiff's complaint necessarily relies on them). Here, Plaintiff references her EEOC filing throughout the Complaint. (ECF No. 1.)

6

diligent in pursuing her claim even assuming she was diligent in exhausting administrative remedies because she was not required to exhaust other forms of relief to sue under the Rehabilitation Act as she does here. *See Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990) (citation omitted) ("[P]rivate plaintiffs suing under section 504 need not first exhaust administrative remedies."); *cf. Wisenbaker*, 341 F. Supp. 2d at 1165 (providing cases in which the statute of limitations was equitable tolled because a party was required to pursue administrative action). It is uncontested that Plaintiff had knowledge of relevant facts to bring the claims she alleged in her 2015 EEOC filing before the limitations period expired. Plaintiff also does not allege that she was misled by any administrative agency about the nature of her rights. She only argues that she "entrusted her claims to the EEOC" and for several years relied on that agency to conduct an investigation, until she "discovered" she would be able to pursue her claims by requesting a right to sue letter. (ECF No. 7 at 5.) But, as have already been made evident Plaintiff did not need a right to sue letter to assert claims under the Rehabilitation Act in court.

Further, Plaintiff makes no claim of deception by Defendant. She also merely hints at "false assurances." For example, she indicates that Defendant failed to "comply with its commitments to accommodate her ASD[—Autism Spectrum Disorder,]" sometime after Defendant had filed a defense to her EEOC complaint and after directing her to "return to work without explanation or apology." (ECF No. 1 at 7, 9.) This is after she had been on "unpaid, forced, sick leave" for nearly a year. (*Id.* at 9.)

Additionally, relying on *State, Dep't of Human Res., Welfare Div. v. Shively ("Shively")*, 871 P.2d 355, 356 (1994), Plaintiff argues that the Court should allow her claims to proceed because Nevada favors the resolution of discrimination claims in the administrative process. (ECF No. 7 at 5 (quoting 871 P.2d at 356) ("When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the other while he is thus pursuing the one [.]").) Plaintiff argues that allowing the statute of limitations to bar her claims would be to allow the delays of EEOC bureaucracy

to deny her a hearing on the merits of her claims. (ECF No. 7 at 6.) She suggests the limitations period is a mere procedural technicality that Nevada courts disfavor. (*Id.*)

But, the Nevada Supreme Court limited *Shively*. *See Siragusa v. Brown*, 971 P.2d 801, 808 n.7. (Nev. 1998). The Court agrees with Plaintiff that, relying on California authority, *Shively* broadly suggests that a statute of limitations is an immaterial procedural technicality that should be equitably tolled to prevent the unjust forfeiture of causes of action where the litigant is "entrenched in the administrative process" regardless of whether the litigant was required to pursue administrative action. 871 P.2d at 356. However, in *Siragusa*, the Nevada Supreme Court clarified that *Shively* should be limited to its facts as a case "tolling fraud claim during the pendency of administrative claim where State was *required* to pursue administrative action, and law *favored* resolution in that forum." 971 P.2d at 808 n.7. As this Court have already pointed out, there was no requirement that administrative relief be pursued here. Further, it does not appear Plaintiff was "entrenched" in the administrative process. The Court gleans that Plaintiff filed a charge with the EEOC and waited years for the agency to investigate before she finally decided to file suit in court.

In any event, Nevada still recognizes that fundamentally "[e]quitable tolling operates to suspend the running of a statute of limitations when the only bar to a timely filed claims is procedural technicality[,] . . . the danger of prejudice to the defendant is absent, and the interests of justice so require." *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011). As a preliminary matter, the limitations period is the only bar to Plaintiff's Rehabilitation Act claims being considered on their merits. And, public policy generally favors the disposition of cases on their merits.

However, the Court concludes that Defendant would be prejudiced if it permits equitable tolling based on Plaintiff's 2015 administrative filing because Plaintiff's EEOC filing is substantially different from the claims raised in the Complaint and therefore could not have fully apprised Defendant of the claims against it. (*Compare* ECF No. 4-1 *with* ECF No. 1.) For example, unlike in the Complaint, Plaintiff's EEOC filing, as it relates to

accommodation and promotion was brought under the ADA—not the Rehabilitation Act. (*Id.*) Further, unlike the Complaint, the EEOC filing is devoid of meaningful specificity about what Plaintiff's disability is, it states differing arguments about how Defendant failed to accommodate her and did not allege that Defendant failed to promote Plaintiff *because of* any disability. (*Id.*) Nor did the EEOC filing assert the numerous examples of "chilling" or retaliatory behavior for attempting to assert her statutory rights as the Complaint does. (*Id.*) Accordingly, it is difficult to conclude that Plaintiff's EEOC filing fully or even adequately apprised Defendant of the claims alleged in the Complaint so Defendant could properly investigate or prepare a defense. Moreover, it seems the delay in a response from the EEOC may have been due to the lack of clarity in Plaintiff's own filing. And, the fact that Plaintiff could have filed a lawsuit all along makes her delay to file her Complaint borderline unreasonable. Accordingly, the Court declines to equitably toll the claims.

### b. "Continuing" Discrete Violations

Plaintiff next argues her claims are not barred by the statute of limitations because Defendant's violations are "ongoing." (ECF No. 7 at 6.) She cites to *Ervine* and *Nat'l R.R Passengers Corp. v. Morgan ("Morgan")*, 536 U.S. 101 (2002) to support her argument. (*Id.*)

*Morgan* provides that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." 536 U.S. at 113. "A discrete act of discrimination is an act that in itself constitutes a separate actionable unlawful employment practice and that is temporally distinct." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 638 (2007) (internal quotations and citation omitted), *superseded by* statute, Pub. L. No. 111-2, 123 Stat. 5. "The existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed." *Morgan*, 536 U.S. at 113; *see also Ervine*, 753 F.3d at 870 ("A claim under the [Rehabilitation] Act will not be untimely merely because similar, even identical, violations of the Act occurred outside the statutory period."); *Pouncil*, 704 F.3d

at 578–79 ("*Morgan* instructs that a court must determine whether a claim is based on an independently wrongful, discrete act, and if it is, *then the claim accrues, and the statute of limitations begins to run, from the date of that discrete act, even if there was a prior, related past act.*") (emphasis added). Based on this authority, the Court concludes Plaintiff may only proceed with temporally distinct and discrete claims that are timely in relation to the date she filed her Complaint.

The Complaint is written in a manner that makes it difficult for the Court to temporally distinguish Plaintiff's claims. It is apparent that discrete conduct establishes Plaintiff's claims as accruing sometime between December 2012 and July 2015. (*e.g.*, ECF No. 1 at 3–6, ¶¶ 34, 39–41, at 7, ¶¶ 42–45.) Plaintiff is time-barred from asserting these allegations. Plaintiff also alleges actions or conduct that are clearly recent, but nonetheless hard to pin down, but which appears to be separate and temporally distinct conduct that would not be time-barred. (*Id.* at ¶¶ 49–53, 58, 77–78, 84–85 (encompassing the four claims for relief).) Yet, other allegations Plaintiff specifically identify as continuing failure to accommodate and retaliation claims do not conclusively fall within either grouping on the face of the Complaint—clearly time-barred or not time barred. (ECF No. 7 at 6 (referring to ECF No. 1 at ¶¶ 36–39, 58 (accommodate), 46–48 (retaliation)).)

To the extent Plaintiff's claims are not clearly time-barred, the Court considers whether she states plausible claims.

2.      **The Adequacy of Plaintiff's Pleadings on the Merits**

As noted, Plaintiff's failure to accommodate and failure to promote claims are brought under § 504 of the Rehabilitation Act. Her "chilling behavior" and retaliation claims are brought alternatively under either the Rehabilitation Act or the ADA. (ECF No. 1 at 10–12.) The Court's analysis of a claim under either statutory provision essentially requires

///

///

///

///

the same inquiry. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135, 1141 (9th Cir. 2001) (noting the ADA is expressly modeled after § 504 of the Rehabilitation Act).

### a. Failure to Accommodate (First Claim for Relief)

Plaintiff's failure to accommodate claims are either time-barred or not adequately pleaded. Her failure to accommodate claims stem from Defendant's alleged failure to accommodate her hip dysplasia and ASD. Plaintiff's hip dysplasia allegations fall within the group of discrete and temporally distinct conduct that is time-barred based on her allegations. The ASD claim is not adequately pleaded.

To state a prima facie case for failure to accommodate under the Rehabilitation Act, a plaintiff must show she (1) is a person with a disability, (2) is otherwise qualified for employment—with or without reasonable accommodation she can perform the *essential functions* of the employment position that she holds or desires, and (3) suffered discrimination because of her disability. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (citation omitted); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 989 (9th Cir. 2007) (en banc). Here, the discrimination is the alleged failure to provide for reasonable accommodation. *See* 42 U.S.C § 12112(b)(5)(A).

Defendant argues the Complaint is devoid of allegations necessary to state a plausible claim for relief because Plaintiff failed to assert that the accommodations she allegedly requested are required to enable her to perform the essential functions of her job. (ECF No. 4 at 10–11; ECF No. 9 at 9.) The Court agrees. Plaintiff's allegations pertaining to requested accommodations make no unambiguous connection to the essential functions of her job as an administrative assistant. In fact, the Court found the only mention of essential functions in the following sentence of the Complaint: "With reasonable accommodations, in particular those implemented after she spent nearly a year on unpaid, forced, sick leave, [Plaintiff] can perform the essential functions of her job as an administrative assistant." (ECF No. 1 at ¶ 57.) This sentence suggests to the Court that Defendant has already provided Plaintiff with the accommodations she needs to perform the essential functions of her jobs. The Court concludes that Plaintiff has failed to

adequately plead a material component of her failure to accommodate her ASD claim. Accordingly, the Court will dismiss Plaintiff's first claim for relief based on a failure to provide reasonable accommodation.

However, the Court will permit Plaintiff to amend the claim as to her ASD because amendment is not clearly futile. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) (providing factors for denying an amendment and that Rule 15 a's declaration that leave to amend "shall be freely given when justice so requires" should be "heeded").

### b. Failure to Promote (Second Claim for Relief)

Plaintiff has alleged failure to promote claims that are not time-barred and which amount to plausible claims under *Iqbal* and *Twombly*.

To establish this claim, Plaintiff must demonstrate: (1) she is an individual with a disability; (2) she is otherwise qualified to receive the benefit; (3) she was denied the benefit *solely* by reason of her disability; and (4) Defendant receives federal financial assistance. *Duvall*, 260 F.3d at 1135.

The first and fourth prongs are adequately pleaded—Plaintiff alleges Defendant received federal assistance for its programs and she has been diagnosed with ASD. (ECF No. 1 at ¶¶ 7, 12.) Further, Plaintiff's failure to promote claims include an alleged failure to promote as recently as November 2017. (*Id.* at ¶¶ 52, 53.) Plaintiff alleges that she continues to be passed over for advancement positions even where she is told she is the most qualified candidate for the position, thus the second prong is adequately pleaded. (*Id.*) A conclusion on the third prong is more difficult. Plaintiff's allegations may be read to claim that she was not promoted because of her subjective performance during interview, and not solely because of her ASD. (*Id.* at ¶¶ 53, 66.) But, it appears that Plaintiff is alleging that her interview performance was impacted by her ASD not being properly considered—because the "high-pressure interviews" exacerbated her ASD. (*Id.*) It seems clear that Plaintiff attributes Defendant's alleged refusal to promote her to be solely due to her disability. Accordingly, the Court will permit this claim to proceed.

///

### c. "Chilling Behavior" and Retaliation (Third and Fourth Claims for Relief)

The parties appear to agree that Plaintiff's "chilling behavior" claim (third claim) is in gist an interference claim requiring the same elements as her retaliation claim (fourth claim) under either the Rehabilitation Act or the ADA. (ECF No. 4 at 13–14; ECF No. 7 at 10.) Accordingly, the Court will deem them to be a single claim of retaliation.

To succeed on a claim for retaliation, a plaintiff must establish: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quotation omitted); *see also Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 849 (9th Cir. 2004) (discussing retaliation under the ADA). "[A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). As to the final element, a plaintiff specifically "must establish a link between [her] request for a reasonable accommodation" and the alleged adverse employment action(s). *Coons*, 383 F.3d at 887.

As indicated, several of Plaintiff's allegations directly associated with her third and fourth claims are stated in a way that makes it difficult for the Court to assess whether they fall among the claims that are or are not time-barred—before or after March 5, 2016. (ECF No. 1 at ¶¶ 75, 82 (difficult to ascertain timing); *see also* ¶¶18, 19, 20–29, 41–42, (time-barred allegations).)

However, Plaintiff does manage to allege information to make out retaliation claims that are clearly not time-barred. (*See id.* at ¶¶ 49–51, 77–78, 84–85.) But, to the extent Plaintiff merely asserts mistreatment by her coworkers not amounting to adverse employment action by Defendant, her allegations fail as a matter of law.[5] (*Id.* at ¶¶ 49–

---
[5] *See Ray*, 217 F.3d at 1241 (citation omitted) (noting that mere ostracism by coworkers is not actionable as to the employer); *Strother v. S. California Permanente Med. Grp.*, 79 F.3d 859, 869 (9th Cir. 1996) (citing *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App.3d 590, 615 (1989)) (explaining that ostracism does not amount to a hostile work environment claim that could make an employer liable for retaliation).

51.) Nonetheless, Plaintiff's merged retaliation claim will proceed. Plaintiff has stated a claim of retaliation grounded in her failure to promote claim which the Court found cognizable and not time-barred, and which—viewing the Complaint in its entirety—Plaintiff connects to her disability and request(s) for accommodations. (*Id.* at ¶¶ 77–78, 84–85.) *Ray*, 217 F.3d at 1241 (internal quotation and citation omitted) ("adverse employment actions includes . . . refusal to promote").

Additionally, the Court will permit Plaintiff to amend her merged retaliation claim to (1) state viable claims based on her allegations that are presently ambiguous in terms of timing, but which may be discrete and temporally distinct claims falling within the limitations period, and (2) allege any claims stemming from mistreatment by coworkers which may be adverse employment action to the extent such treatment evidence Defendant's "toleration of harassment by other employees" against Plaintiff. *See Ray*, 217 F.3d at 1241 (quoting *Wyatt v. City of Boston*, 35 F.3d 13, 15–16 (1st Cir. 1994)) (indicating that while ostracism cannot constitute an adverse employment action, an employer's "toleration of harassment by other employees" can).

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 4) is granted in part and denied in part. It is granted as to the first claim entirely. It is granted in part as to the combined third and fourth claims for relief as these claims relate to mere mistreatment by coworkers. But, it is denied as to the failure to promote theory. The Court permits leave to amend: (1) failure to accommodate Plaintiff's ASD as alleged in the first claim for relief; and (2) retaliation as presently alleged in the third and fourth claims for relief based on alleged "chilling" or retaliatory behavior that are discrete and fall within the two-year period
///

14

before the filing of the Complaint, including any claims of mistreatment by coworkers which Defendant tolerates and amounts to an adverse employment action, as noted above.

It is further ordered that, if she chooses to amend the Complaint, Plaintiff has thirty days from the date of this order to do so. The amended complaint should be titled "First Amended Complaint." Failure to file an amended complaint within the prescribed time will result in dismissal of Plaintiff's failure to accommodate her ASD in the first claim and alleged "chilling" or retaliatory conduct in her third and fourth claims that are presently ambiguous in terms of timeliness or constitutes mere ostracism or mistreatment by coworkers not amounting to adverse employment action by Defendant.

DATED THIS 30th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE